# CARROLL.

## DINSMOOR v. HAZELTON.

A respondent in equity must answer the point of substance positively and certainly, and must answer to his knowledge, remembrance, information, and belief.

When facts are not within his knowledge, he must answer as to his information or belief, and not to his information or hearsay merely, without stating his belief one way or the other.

*Semble*, that in equity what the respondent believes, the court will believe.

When a matter charged is within the respondent's own knowledge, he must answer positively and not to his remembrance or belief.

If a matter charged be not material, the respondent need not answer it.

The test of materiality is whether the fact, if disclosed, can aid the orator in obtaining the relief sought by the bill.

IN EQUITY. This was a bill for a discovery in aid of a defence to a suit at law. The case came before the Court upon exceptions to the answer, and the facts, so far as it is material to state them, sufficiently appear in the opinion of the Court.

*Cutter*, for the orator.

*J. Eastman*, for the respondent.

GILCHRIST, C. J. The first exception is because the respondent has not, to the best of his knowledge, remembrance, information, and belief, answered "whether said Hazelton knew your orator was surety only, on said note."

Dinsmoor v. Hazelton.

The answer states " that Knox received the money, but whether for his own use and benefit, or whether the plaintiff had any interest in the money or received any benefit therefrom, or whether the plaintiff was surety only, the defendant is unable to say, and does not know, neither did he know when he received the note that the plaintiff was surety only."

The rule is that the respondent must answer the point of substance positively and certainly. But no positive rule can provide for all the various difficulties in cases of this sort, but each case must be decided upon its own circumstances. Story's Eq. Pl. § 855.

A defendant must answer " as to his knowledge, remembrance, information, and belief." 2 Dan. Ch. Pr. 830 ; *Woods* v. *Morrill*, 1 Johns. Ch. 107. In this case *Kent*, Ch., says, that " as to facts not within his knowledge, he must answer as to his information or belief, and not to his information or hearsay merely, without stating his belief one way or the other." The general rules on the subject of exceptions to answers are founded on good sense and sound justice, and they cannot be too well understood, nor too strictly enforced. If the defendant is not compelled to a full, frank, and explicit disclosure of every thing properly required of him, and resting on his knowledge, information, or belief, one of the most salutary ends of the jurisdiction of this Court, would be defeated. Ibid. 105. The rule in equity is that what the defendant believes, the Court will believe. *Potter* v. *Potter*, 1 Vesey sr. 274. But see *Hill* v. *Binney*, 6 Ves. 738, where it was left doubtful whether the belief of an administrator defendant, that a debt was due, was a sufficient foundation for a decree. In the present case, as the respondent has not answered as to his knowledge, &c., and has merely answered that he does not know whether the orator was only a surety, the exception must be sustained.

The bill charges that, in the fall of the year 1848, (after the note became due,) the respondent told Knox he wanted $100 on the note, and Knox procured it, and offered to pay it to him, but he refused it, and said he had made out another way, and would rather let the note remain, and have it all come in a lump.

The answer admits that the respondent told Knox that he wished $100 to be paid on the note, but denies that Knox procured it, and offered to pay it to him, and that he refused to receive it, or said he had made out another way, or said he had rather let the note remain and have it all come in a lump.

This matter is charged as within the respondent's own knowledge, in which case he must answer positively, and not to his remembrance or belief only. *Hall* v. *Wood,* 1 Paige, 404. If a fact be charged which is within the respondent's own knowledge, he must answer positively, and not to his remembrance or belief. *Woods* v. *Morrell,* 1 Johns. Ch. 107. As the respondent in this case has made a positive denial, the exception to the answer in this particular must be overruled.

It may be a question whether the matter, in relation to which this exception is taken, is material. If not, the respondent need not answer it. The test of materiality is, whether the fact, if disclosed, can aid the orator in obtaining the relief sought by the bill. *Sloan* v. *Little,* 3 Paige, 106 ; Story's Eq. Pl. § 833.

The third exception is because the respondent has not answered whether he agreed with Knox that if he would pay the interest on the note up to the 10th day of October, 1848, and give up the price of a copy of a certain instrument, the respondent would wait for the balance of the note until the month of April then next.

The answer denies that the respondent on the 10th day of October, 1848, or at any other time, agreed with Knox that if he would pay the interest on the note up to the 10th of October, and in addition give up to the respondent the money paid for him by Knox, he would wait for the balance due on the note and not call for it until the month of April.

The matter charged in the bill is within the respondent's knowledge and is distinctly denied by him. The same rule is applicable here, as to the second exception. This exception, therefore, must be overruled.